UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

BuyRite Auto Glass, Inc., d/b/a Rapid
Glass,

        Plaintiff,              **ORDER**
                                      Civil No. 06-4462 ADM/JSM

     v.

Illinois Farmers Insurance Company
and Mid-Century Insurance Company,

        Defendants.

_____

Joshua P. Brotemarkle, Esq. and Charles J. Lloyd, Esq., Livgard & Rabuse, P.L.L.P., Minneapolis, MN, on behalf of Plaintiff.

Steven R. Kluz, Esq., Mohrman & Kaardal, P.A., Minneapolis, MN, on behalf of Defendants.

_____

On February 27, 2007, oral argument before the undersigned United States District Judge was heard on Plaintiff BuyRite Auto Glass, Inc., d/b/a Rapid Glass's ("Rapid") Motion to Dismiss Counterclaims [Docket No. 10]. For the reasons stated at oral argument, Plaintiff's Motion is **GRANTED**.

Counterclaim IV (breach of contract) is dismissed because the Minnesota No-Fault Automobile Insurance Act ("No-Fault Act"), Minn. Stat. § 65B.525, deprives this Court of subject matter jurisdiction. Defendants Illinois Farmers Insurance Company and Mid-Century Insurance Company's ("Defendants") claim, stylized as one for breach of contract, is not an independent cause of action but rather an affirmative defense to Rapid's "shortpay" claims. Even if jurisdiction existed, Defendants have failed to plead the essential elements of a breach of contract claim.

Counterclaim VII (declaratory judgment) is also dismissed as lacking merit. The

Minnesota Supreme Court has held the types of claims at issue in this case may be combined for arbitration, and that the $10,000 jurisdictional limit in the No-Fault Act applies to each individual claim separately rather than to the cumulative total of the individual claims.  See Ill. Farmers Ins Co. v. Glass Serv. Co., 683 N.W.2d 792, 804, 807 (Minn. 2004).  Implicit in the court's ruling is an understanding that if the "shortpay" claims are considered together, a single arbitration could result in an award of greater than $10,000, as long as each of the individual claims in the consolidated arbitration have a value of less than $10,000.

BY THE COURT:


      s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  February 27, 2007.