# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

BuyRite Auto Glass, Inc., d/b/a Rapid
Glass,

                    Plaintiff,

         v.                                    **MEMORANDUM OPINION
                                               AND ORDER**
                                               Civil No. 06-4462 ADM/JSM
Illinois Farmers Insurance Company
and Mid-Century Insurance Company,

                    Defendants.

_____

Charles J. Lloyd, Esq., and Joshua P. Brotemarkle, Esq., Livgard & Rabuse, P.L.L.P.,
Minneapolis, MN, on behalf of Plaintiff.

Steven R. Kluz, Esq., Mohrman & Kaardal, P.A., Minneapolis, MN, and Eric J. Magnuson, Esq.,
Briggs and Morgan, P.A., Minneapolis, MN, on behalf of Defendants.

_____

## I. INTRODUCTION

The undersigned United States District Judge heard oral argument on Plaintiff BuyRite

Auto Glass, Inc., d/b/a Rapid Glass' ("Rapid Glass") Motion to Consolidate Invoices for

Arbitration [Docket No. 27] on November 9, 2007, and heard oral argument on Defendants

Illinois Farmers Insurance Company and Mid-Century Insurance Company's ("Defendants")

Motion for Summary Judgment [Docket No. 43] on December 20, 2007.  For the reasons stated

herein, Defendants' Motion is granted and Rapid Glass' Motion is denied.

## II.  BACKGROUND[1]

Rapid Glass is a Minnesota corporation engaged in the business of automobile glass repair and replacement in Minnesota.  Compl. [Docket No. 1] ¶ 2.  Defendant Illinois Farmers Insurance Company is an Illinois corporation with its principal place of business in Aurora, Illinois.  Answer [Docket No. 3] ¶ 3.  Defendant Mid-Century Insurance Company is a California corporation with its principal place of business located in Los Angeles, California.  Id. Defendants are licensed to do business in Minnesota and offer insurance coverage for automobile glass repair and replacement in Minnesota.  Id. ¶ 4.

In its Complaint, Rapid Glass asserts that in exchange for automobile glass repair and replacement work performed for Defendants' insureds, it accepted post-loss insurance assignments entitling it to collect the payment due under the insurance policy directly from Defendants.  Compl. ¶¶ 10, 16.  Rapid Glass contends that from 2000 through 2006, Defendants paid less than the amount invoiced, resulting in an unpaid balance of more than $349,519.87 owed to Rapid Glass.  Id. ¶¶ 10-14.  In this lawsuit, Rapid Glass seeks an order declaring that it may consolidate all of the individual invoices for which Defendants failed to pay the full balance in a single arbitration to collect the unpaid balances (the "short pays").  Id. at 5.  It also requests that the Court order arbitration in accordance with the Minnesota No-Fault Automobile Insurance Act, Minn. Stat. § 65B.525.  Id.

From 2000 through 2006, Defendants used a standard auto insurance policy: the 56-5043 third edition 6-90 (the "policy").  Keller Aff. [Docket No. 46] ¶ 4.  The policy provided coverage

---

[1]  On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party.  Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995).

for auto-glass replacement and included the following anti-assignment clause: "Interest in this policy may not be assigned without [Farmers'] written consent." Id. Ex. A at 15. The policy also contained an anti-waiver provision: "This policy with the Declarations includes all agreements between you and us relating to this insurance. No other change or waiver may be made in this policy except by endorsement, new Declarations or new policy issued by us." Id. Ex. A at 14. The insureds who assigned their post-loss insurance proceeds to Rapid Glass had these anti-assignment and anti-waiver clauses in their policies. Id. ¶¶ 7, 9.

## III. DISCUSSION

### A.      Standard of Review

Federal Rule of Civil Procedure 56© provides that summary judgment shall issue "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©; see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. Ludwig, 54 F.3d at 470. The nonmoving party may not "rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

Because jurisdiction is based on diversity, Minnesota law controls the substantive issues involved in this case. Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938) (holding that a federal

court sitting in diversity must apply the substantive law of the state where the cause of action arose).

**B.    Offensive Collateral Estoppel**

Whether an anti-assignment clause prevents an insured from assigning post-loss insurance proceeds to an auto-glass repairer has been the subject of much litigation.  On December 4, 2006, Judge Patrick J. Schiltz of the District of Minnesota decided a case involving Defendants: <u>Alpine Glass, Inc. v. Illinois Farmers Insurance Co.</u>, No. 06-CV-1148, 2006 WL 3486996 (D. Minn. Dec. 4, 2006).  In that case, Alpine Glass secured from Defendants' insureds an assignment of post-loss insurance proceeds.  <u>Id.</u> at *1.  After Defendants failed to pay the full amount invoiced to Alpine Glass, Alpine Glass sued to collect the short pays allegedly owed by Defendants.  <u>Id.</u>  Alpine Glass, like Rapid Glass, initially filed suit seeking declaratory judgment that the numerous short-pay claims could be consolidated into a single arbitration proceeding. <u>Id.</u> at *2.  Defendants asserted that the assignments were invalid because of the anti-assignment clause contained in the policy.  <u>Id.</u>  Judge Schiltz concluded that the anti-assignment clause precluded insureds from assigning coverage under the policy, but did not prohibit insureds from assigning post-lost insurance proceeds.  <u>Id.</u>  Accordingly, Judge Schiltz rejected the argument that the assignments made to Alpine Glass were invalid.  <u>Id.</u>

Rapid Glass contends that Defendants are collaterally estopped from asserting that the anti-assignment clause contained in their policy invalidates the post-loss insurance proceeds assigned by their insureds because Defendants unsuccessfully made that argument in <u>Alpine Glass</u>.  Collateral estoppel applies if the following four elements are present:

> 1) the issue was identical to one in a prior adjudication; 2) there was a final
> judgment on the merits; 3) the estopped party was a party or in privity with a

4

party to the prior adjudication; and 4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue.

Willems v. Comm'r of Pub. Safety, 333 N.W.2d 619, 621 (Minn. 1983).  Collateral estoppel may be used offensively by a plaintiff against a defendant; however, the Supreme Court has cautioned that "in cases where . . . the application of collateral estoppel would be unfair to a defendant, a trial judge should not allow the use of offensive collateral estoppel."  Parklane Hosiery Co. v. Shore, 439 U.S. 322, 331 (1979).  The Court has further explained that "[a]llowing offensive collateral estoppel may . . . be unfair to a defendant if the judgment relied upon as a basis of the estoppel is itself inconsistent with one or more previous judgments in favor of the defendant."  Id. at 330.

On January 8, 2008, after this Court heard oral argument in the instant case, the Minnesota Court of Appeals issued a decision affirming a district court's conclusion that an anti-assignment clause precludes assignment of post-loss insurance proceeds.  Auto Owners Ins. Co. v. Star Windshield Repair, Inc., 743 N.W.2d 329 (Minn. Ct. App. 2008).  Because this judgment is inconsistent with Judge Schiltz's decision in Alpine Glass, reliance on Alpine Glass to estop Defendants from arguing that the anti-assignment clause in their policy invalidates the assignments made to Rapid Glass would be unfair.  Accordingly, the Court concludes that offensive collateral estoppel is not appropriate in this case.

C.    **Auto Owners Ins. Co. v. Star Windshield**

In Star Windshield, the Minnesota Court of Appeals squarely addressed the effect of anti-assignment clauses on post-loss insurance proceeds.  Star Windshield provides the best guidance

5

to this Court on predicting what Minnesota law will be on this issue.[2]  The dispute in <u>Star Windshield</u> involved an insurance provider, Auto Owners Insurance Company ("Auto Owners"), and an auto glass repair provider, Star Windshield Repair, Incorporated ("Star Windshield"). 743 N.W.2d at 331.  Star Windshield performed repair work for several of Auto Owners' insureds in exchange for the assignment of post-loss insurance proceeds.  <u>Id.</u>  As in the instant case, Auto Owners paid Star Windshield less than the full amount invoiced, resulting in short pays.  <u>Id.</u>  When Star Windshield attempted to initiate arbitration to collect the short pays, Auto Owners filed a declaratory-judgment action seeking a declaration that the anti-assignment clause in its policy precluded its insureds from assigning post-loss insurance proceeds to Star Windshield.  <u>Id.</u>  The Auto Owners insurance contract included the following anti-assignment clause: "No interest in this policy may be assigned without our written consent."  <u>Id.</u> at 333.  The district court issued a temporary restraining order enjoining the arbitration proceeding.  <u>Id.</u> at 331.

Auto Owners subsequently moved for summary judgment asserting that its anti-assignment provision precluded its insureds from assigning their post-loss insurance proceeds to Star Windshield.  <u>Id.</u>  The district court granted Auto Owners' motion for summary judgment

---

[2] In interpreting state law the Court is

bound by the decisions of the state's highest court.  When a state's highest court has not decided an issue, it is up to this court to predict how the state's highest court would resolve that issue.  Decisions of intermediate state appellate courts are persuasive authority that we follow when they are the best evidence of what state law is.

<u>Minn. Supply Co. v. Raymond Corp.</u>, 472 F.3d 524, 534 (8th Cir. 2006) (internal quotations and citations omitted).

and reasoned that the plain language of the anti-assignment clause precluded assignment of rights under the policy.  Id.

The Minnesota Court of Appeals reviewed the relevant body of Minnesota law and affirmed the district court.  The court addressed two issues relevant to the present case: (1) whether the anti-assignment clause could limit the assignment of post-loss insurance proceeds; and (2) whether Auto Owners waived its right under the anti-assignment clause when it made a payment directly to Star Windshield.  Id. at 332-337.

After a detailed discussion of the relevant Minnesota case law, the appellate court concluded that "a nonassignment clause can limit the assignment of postloss insurance proceeds, such as the amount due for the windshields in this case."  Id. at 337.  In a situation where the policy contained a broad anti-assignment provision precluding the insured from assigning any interest in the policy the resolution was even clearer.  Id. at 334.  Accordingly, the court determined that the assignments to Star Windshield were invalid.  Id. at 336.

Regarding the second issue, whether Auto Owners waived its rights under the anti-assignment clause when it made a payment to Star Windshield, the Minnesota Court of Appeals concluded that it did not.  Id. at 337.  The court explained that while the rights provided in an anti-assignment clause may be waived, the waiving party must "make a voluntary and intentional relinquishment or abandonment of a known right."  Id.  The court concluded that Auto Owners did not make a "voluntary and intentional relinquishment" of its rights when it paid Star Windshield because it was compelled to do so by the Unfair Claims Practices Act.  Id.  The court explained: "Under the Unfair Claims Practices Act, it is an 'unfair settlement practice' for an insurance company to fail to 'provide payment to the insured's chosen vendor based on a

7

competitive price that is fair and reasonable with the local industry at large.'" Id. (quoting Minn. Stat. § 72A.201, subd. 6(14)).

**D.    Effect of Defendants' Anti-assignment Clause**

Because arguments in this case were heard before the Minnesota Court of Appeals decided Star Windshield, the arguments focused on the then unresolved issue of whether an anti-assignment clause in an auto-insurance policy may prohibit the assignment of post-loss insurance proceeds. Defendants asserted that their anti-assignment clause prohibited their insureds from assigning post-loss insurance proceeds to Rapid Glass. Rapid Glass asserted that insureds may assign post-loss insurance proceeds even when their insurance policy includes an anti-assignment clause. The Minnesota Court of Appeals has now resolved this issue in favor of Defendants. Auto Owners Ins. Co. v. Star Windshield Repair, Inc., 743 N.W.2d at 337. Accordingly, the Court holds that the broad anti-assignment clause contained in Defendants' policy—precluding their insureds from assigning any interest in the policy—invalidates the assignments made to Rapid Glass.

**E.    Waiver**

Rapid Glass also argued that Defendants waived their rights under the anti-assignment clause when they made payments directly to Rapid Glass. Defendants asserted that waiver was inapplicable because they paid Rapid Glass in compliance with Minn. Stat. § 72A.201, subd. 6(14). Rapid Glass, however, asserts that it received direct payments from Defendants before section 72A.201, subd. 6(14) was adopted. Nonetheless, the relevant time period for this lawsuit is 2000 through 2006. This is the time period when Rapid Glass claims Defendants failed to pay the full amount due under its invoices. Minnesota Statute § 72A.201, subd. 6 (2000) includes in

its list of unfair settlement practices the failure to "provide payment to the insured's chosen vendor based on a competitive price" if the policy provides coverage for window-glass repair. § 72A.201, subd. 6(14) (2000). Accordingly, Defendants were statutorily required to pay Rapid Glass during the relevant time period and did not waive their rights under the anti-assignment clause.

**F.      Motion to Consolidate Invoices for Arbitration**

Having concluded that the post-loss assignments of proceeds to Rapid Glass are invalid and that Defendants did not waive their rights under the anti-assignment clause when they paid Rapid Glass, the Court also concludes that Rapid Glass does not have a right to arbitration. Accordingly, Rapid Glass' Motion to Consolidate Invoices for Arbitration is denied.

**IV.  CONCLUSION**

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED**:

1.  Defendants' Motion for Summary Judgment [Docket No. 43] is **GRANTED**; and,

2.  Plaintiff's Motion to Consolidate Invoices for Arbitration [Docket No. 27] is

**DENIED**.

   **LET JUDGMENT BE ENTERED ACCORDINGLY**.

                                                    BY THE COURT:


                                                    _____s/Ann D. Montgomery_____
                                                    ANN D. MONTGOMERY
                                                    U.S. DISTRICT JUDGE

Dated:  March 14, 2008.