UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

BuyRite Auto Glass, Inc., d/b/a
Rapid Glass,

              Plaintiff,

v.

Illinois Farmers Insurance Company
and Mid-Century Insurance Company,

              Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 06-4462 ADM/JSM

_____

Charles J. Lloyd, Esq., Livgard & Lloyd, PLLP, Minneapolis, MN, on behalf of Plaintiff.

Steven R. Kluz, Esq., Stoel Rives, LLP, Minneapolis, MN, on behalf of Defendants.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Plaintiff BuyRite Auto Glass, Inc., d/b/a Rapid Glass's ("Rapid Glass") Motion to Consolidate Invoices for Arbitration [Docket No. 27]. For the reasons stated below, Rapid Glass's Motion is granted.

## II. BACKGROUND

Rapid Glass is an automobile glass repair and replacement company. March 14, 2008 Order [Docket No. 58] at 2. In exchange for providing glass repair and replacement services to customers insured by Defendants Illinois Farmers Insurance Company and Mid-Century Insurance Company's (collectively "Farmers"), Rapid Glass received post-loss insurance assignments that entitled it to collect payment directly from Farmers. Id. The Complaint [Docket No. 1] alleges that between 2000 and 2006, Farmers paid less than the amount invoiced by Rapid Glass for the glass repair and replacement services it provided to Farmers' insureds.

Compl. ¶¶ 10-14. Rapid Glass seeks an order allowing it to consolidate all of its claims[1] for the unpaid balances on the invoices for resolution through a single arbitration under the Minnesota No-Fault Automobile Insurance Act ("No-Fault Act" or "the Act"), Minn. Stat. §§ 65B.41-.71, rather than through hundreds of separate arbitrations for each individual invoice. See March 14, 2008 Order at 2.

On March 14, 2008, the Court granted Farmers' Motion for Summary Judgment, concluding that the post-loss assignments held by Rapid Glass were invalid based on the anti-assignment clause in the Farmers' policy. Id. at 8-9. Consequently, Rapid Glass would not have a right to arbitration, and, thus, Rapid Glass's Motion to Consolidate Invoices for Arbitration [Docket No. 27] was denied. See id. at 9. Pursuant to the parties' agreement, the Eighth Circuit stayed Rapid Glass's appeal of the Court's March 14, 2008 Order pending the Minnesota Supreme Court's decision in Star Windshield, which raised the same issue of whether an anti-assignment clause invalidates post-loss assignments held by an auto-glass vendor. See Pl.'s Oct. 8, 2009 Letter [Docket No. 67] at 1; 768 N.W.2d at 349. In Star Windshield, decided on July 16, 2009, the Minnesota Supreme Court effectively overruled this Court's March 14, 2008 ruling that the post-loss assignments were invalid due to the anti-assignment clause. See id. at 350; Pl.'s Oct. 8, 2009 Letter at 1; Defs.' Oct. 15, 2009 Letter [Docket No. 68] at 1. Accordingly, on August 4, 2009, the Eighth Circuit remanded the matter to this Court for further proceedings in light of Star Windshield. Judgment [Docket No. 64]. The parties agree that it is appropriate for the Court to now reconsider the Motion to Consolidate.

---

[1] Such claims to collect unpaid balances on glass repair invoices are commonly referred to as "shortpay claims." See Star Windshield Repair, Inc. v. Western National Ins. Co., 768 N.W.2d 346, 348 n.2 (Minn. 2009).

**III. DISCUSSION**

Having accepted post-loss insurance assignments as payment for providing glass repair and replacement services to Farmers' insureds, Rapid Glass's shortpay claims against Farmers are governed by the No-Fault Act. <u>Ill. Farmers Ins. Co. v. Glass Serv. Co.</u>, 683 N.W.2d 792, 803 (Minn. 2004). Under the Act, each shortpay claim of $10,000 or less is, individually, subject to mandatory, binding arbitration.[2] Minn. Stat. § 65B.525, subd. 1. When an auto-glass vendor, such as Rapid Glass, has been assigned multiple shortpay claims, the shortpay claims cannot be aggregated to exceed $10,000 to avoid mandatory arbitration. <u>See</u> <u>Ill. Farmers</u>, 683 N.W.2d at 804. The Minnesota Supreme Court has held, however, that district courts have discretion to order consolidation of multiple shortpay claims for purposes of arbitration under the Act. <u>Id.</u> at 805-07. In exercising that discretion, a district court should consider "the efficiencies of consolidation, the danger of inconsistent judgments if disputes are arbitrated separately, and the prejudice that parties may suffer as a result of consolidation." <u>Id.</u> at 806-07.

As a threshold matter, Farmers argues that Rapid Glass "has not presented an assignment for each claim subject to consolidation signed by the Farmers insured, evidencing that the insured intended to assign insurance proceeds to Rapid Glass," and, thus, Rapid Glass has not established that it has "standing to ask that the claims be arbitrated." Defs.' Mem. in Opp'n to Consol. [Docket No. 33] at 2-6. Farmers' argument that Rapid Glass "lacks standing" to arbitrate its shortpay claims is undermined by the supreme court's holding in <u>Star Windshield</u> that the intent of the No-Fault Act is "for auto glass vendors to be able to arbitrate their shortpay claims against insurers." 768 N.W.2d at 350. In addition, Farmers has not argued persuasively

---

[2] It is undisputed that each shortpay claim in this case is for less than $10,000.

3

that consolidation will prevent it from challenging the validity of the individual assignments in defending against the merits of shortpay claims in arbitration.

Also as a threshold matter, Farmers argues that ordering consolidation will "invite" the arbitrator to "treat the claims as 'combined' as opposed to 'consolidated.'" Defs.' Mem. in Opp'n to Consol. at 6. In essence, this argument is not a direct challenge to the appropriateness of consolidation here but rather an indictment of consolidations generally. In that regard, the Minnesota Supreme Court's approval of consolidation in Illinois Farmers forecloses Farmers' argument. With regard to the particular circumstances of this case, Farmers has not persuasively explained why the arbitrator will be unable or unwilling to give the claims and defenses appropriate treatment and consideration.

Turning to the considerations outlined by the supreme court in Illinois Farmers, Rapid Glass argues that all three considerations—the efficiencies of consolidation, the danger of inconsistent judgments if disputes are arbitrated separately, and the prejudice that parties may suffer as a result of consolidation—weigh in favor of consolidation. Rapid Glass maintains that as in Illinois Farmers, the central issue here is the "formulaic method of reimbursement" that Farmers employed in determining how much to pay Rapid Glass on the invoices. Pl.'s Mem. in Supp. of Consol. [Docket No. 29] at 8-9. Because this issue is common to all the shortpay claims, resolving it in a single arbitration (1) is far more efficient than doing so in hundreds of individual arbitrations; and (2) will eliminate the risk of inconsistent judgments that would be presented by separate arbitrations. In addition, ordering consolidation will not result in prejudice to Farmers; Farmers will have the same opportunity to present the arguments and defenses in a consolidated arbitration as it would in individual arbitrations. Id. at 12-14.

4

Upon a review of the legal and factual issues, the Court agrees that consolidation is warranted. Although, as Farmers argues, there may be differences among the invoices in the billing rates, payment methods, insurance policies, and assignment rights and differences in market conditions based on when and where, geographically, each invoice arose, the central issue, which is common to all of the shortpay claims, is the formulaic method used to price auto-glass repair. Furthermore, the Court accepts Rapid Glass's argument that any differences that do exist across the shortpay claims do not preclude consolidation because they will be "discussed through common documentary evidence and the same witnesses." Pl.'s Reply Mem. in Supp. of Consol. [Docket No. 38] at 4-6.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Rapid Glass's Motion to Consolidate Invoices for Arbitration [Docket No. 27] is **GRANTED**; and

2. The shortpay claims at issue in this matter shall be consolidated into a single arbitration to be conducted pursuant to the No-Fault Act and in the manner determined by the arbitrator.[3]

---

[3] After the Eighth Circuit issued its judgment remanding the matter to this Court, Rapid Glass requested that the Court include additional shortpay claims that have arisen over the past two years in any order for consolidation. Pl.'s Oct. 8, 2009 Letter at 2. The claims in this action are those that were pleaded in the Complaint, and any additional claims not pleaded in the Complaint are not properly before the Court.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


　　　s/Ann D. Montgomery　　
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: January 8, 2010.